MARY A. SELLECK, APPELLANT, V. I. O. MILLER, APPELLEE.

FILED JANUARY 31, 1936. No. 29441.

*Nye & Nye,* for appellant.

*George A. Munro, contra.*

Heard before GOOD, DAY and PAINE, JJ., and RAPER and PROUDFIT, District Judges.

PROUDFIT, District Judge.

This action, brought in the district court for Buffalo county by the plaintiff, Mary A. Selleck, appellant, against the defendant and appellee, I. O. Miller, seeks to have set aside a certain judgment held by the appellee against the appellant to vacate and set aside a deed to an interest in real estate purchased by the appellee at execution sale, and to enjoin the said appellee from any further proceeding seeking the collection of said judgment. Trial in the court below resulted in a judgment for the appellee and against the appellant, and she brings her cause to this court on appeal.

The amended petition sets forth that one Jay M. Riley, receiver of the City National Bank of Kearney, Nebraska, recovered a judgment in the district court for Buffalo county against Herbert H. Selleck and Mary A. Selleck, plaintiff and appellant herein, which said judgment was finally reduced by payments to $254.53, when the same was sold as a part of the assets of said City National Bank, and that the defendant, appellee herein, purchased said judg-

ment. The amended petition further recites various efforts on the part of appellee to collect said judgment, and appellant alleges that she signed the note at the request of the president of the City National Bank of Kearney as an accommodation to said bank, and that she received no con-. sideration for the same; that the execution of said note had no reference to her separate property or estate, and none of the proceeds received by her or used by her was for the benefit of her separate property or estate, and that at no time was she indebted to said bank in any sum whatsoever, and alleges that judgment had been satisfied so far as plaintiff, appellant, is concerned. Plaintiff further alleges repeated attempts on the part of appellee to collect the judgment, and that the defendant annoys and harasses the plaintiff and threatens her with extortion and duress, and asks for payment of a large sum of money on account of said judgment; prays for the cancelation of the said judgment and the sheriff's deed obtained by the appellee on execution, and to enjoin him from further proceedings to collect on account of said judgment.

The answer to the amended petition is in substance a general denial of the allegations of the matters set forth therein, except that the defendant admits that he obtained a sheriff's deed to an interest in certain real estate sold under execution in the attempt to satisfy his said judgment, and that the appellant appeared in said proceedings and objected to the confirmation of sale of said interest, and that at the hearing the court overruled her said objections and confirmed the sale and no appeal was taken from the findings of said court, and that the questions therein presented and which might have been presented at said hearing are now barred by the doctrine of *res judicata*. The defendant further says that the plaintiff, at the time of signing said note, was not a married woman; that said note has been merged in judgment; that appellant received due notice of the pendency of said action and did not defend against same nor appeal from said judgment and is now estopped to urge the matters set forth in her amended

petition as a defense to said original indebtedness. Defendant prays that the amended petition be dismissed.

In her amended reply to the answer the appellant denies all allegations contained in the answer of the defendant not specifically admitted in her amended petition, and further replying alleges the facts to be that the receiver of the City National Bank of Kearney recovered judgment against her and her son, Herbert H. Selleck, but that defendant has never had execution issued upon said judgment against Herbert H. Selleck, who was the principal maker of the said note, that said judgment made no distinction as to the liability of the appellant upon said note as surety only, and that appellee is estopped to proceed against appellant for the reason that appellant was only a surety upon said note and is only liable upon said judgment as surety, in any event, and not then until the property of Herbert H. Selleck has been exhausted by execution, which has not been done by appellee.

The errors upon which appellant relies for reversal are:
(1)   The findings of the trial court are contrary to law.
(2)   The decision of the trial court is contrary to law.
(3)   The trial court erred in overruling the motion for new trial.

This action was brought by Mary A. Selleck as plaintiff and appellant against the defendant and appellee herein, I. O. Miller, in which it appears that a judgment was rendered against the appellant and another in an action had in the district court for Buffalo county some years before in favor of the receiver of the City National Bank of Kearney. The judgment does not disclose that the appellant was other than a joint maker of the note, nor does it appear that she made any defense to the action, and no appeal was taken from the judgment. In the course of time the receiver of the failed bank sold the assets remaining in his hands to the appellee herein, including therein the said judgment. No objection is made to the sale, and for aught that appears in the record it was the ordinary sale of assets under order of the comptroller of the currency. The only objection to

the ownership of the judgment on the part of the appellee, and it is more of a criticism than an objection, is the fact that he paid a very trifling amount to secure the judgment. After the judgment came into the possession of the appellee he undertook to collect the same, and in due course of time, having failed to collect from the personal property, he caused an execution to be issued against certain real estate in which the appellant had an interest. It was sought in this proceeding to sell a seven-ninths interest in a certain tract of real estate in Buffalo county as the property of the appellant, and in the usual course of procedure a levy was made, the sale was advertised and the undivided seven-ninths interest of said real estate was sold to the appellee. The appellant appeared in this proceeding and objected to the confirmation of sale, and hearing being had upon confirmation, the court found that of the interest so sold the appellant was the owner of but three-ninths interest only, instead of seven-ninths, and the sale was confirmed as to the three-ninths interest and vacated as to the four-ninths. No appeal was taken from the order confirming said sale. It further appears that, the judgment not being fully satisfied by the sale of said real estate, the appellee sought to collect the balance of the judgment, but, so far as the record discloses, no further proceedings were had and the judgment remains unsatisfied.

The action is brought by the appellant to have the original judgment in the case brought by the receiver of the City National Bank of Kearney against the appellant vacated, alleging as a ground for same that she was only surety on the note and not the principal maker. She also seeks in this action to have the sale of the real estate vacated for the same reason, and she further prays that the appellee be enjoined from further annoying or harassing her in his effort to collect the balance due on said judgment; her main contention throughout being that she was only the surety on the note and not the principal maker.

To state this case is to decide it, for it is elementary that a judgment cannot be attacked collaterally except for fraud

in procuring said judgment, or for lack of jurisdiction on the part of the court that rendered the judgment. There is no charge here that there was any fraud in procuring the judgment, nor is there any assertion of a lack of jurisdiction on the part of the court that rendered the judgment. No appeal was taken from the judgment and it became final and cannot now be attacked collaterally.

The cases cited by the appellant are not in point. The case upon which most reliance is placed as a basis for this proceeding is *Drexel v. Pusey,* 57 Neb. 30, 77 N. W. 351. The fourth paragraph of the syllabus in that case recites:

"The rendition of a judgment against principal and surety on a note, without having judicially determined on the record which defendant was the principal debtor and which the surety, * * * does not extinguish the relation of suretyship between the parties, and the duties of the creditor with reference thereto."

This action is not brought for the purpose of requiring the creditor to proceed against the principal debtor, who is alleged to be Herbert H. Selleck, but is brought to cancel a judgment which has not been paid, and to cancel a deed that was issued as the result of a judicial sale. The *Drexel* case is clearly not authority for the exercise of any such power on the part of the court and can easily be distinguished from the case at bar. So far as the record goes in this case, the principal debtor, Herbert H. Selleck, may have been proceeded against and his property may have been exhausted. The sheriff's return to the execution under which the real estate of appellant was levied upon sets forth that the officer was unable to find any goods or chattels of the said defendants, Mary A. Selleck and Herbert H. Selleck, in his district liable to execution; therefore he levied on the real estate therein described.

What is said in regard to a collateral attack on the main judgment applies with equal force to the judgment on confirmation of sale of the real estate. The appellant appeared in that proceeding, objected to the confirmation, her objections were overruled, and the sale confirmed as to three-

ninths of the real estate, and no appeal was taken, and that judgment has become conclusive against appellant; no charge of fraud being made, nor of lack of jurisdiction on the part of the court. As to the charge of duress, extortion and oppression and threats on the part of the appellee against the appellant, which are charged as the basis for an injunction, the evidence discloses a total failure to establish such charge, and the injunction was properly denied. No error appears in the record, and the judgment of the trial court should be and is

AFFIRMED.